UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
MICHELLE MILES,

                      Petitioner,

    -against-

THE UNITED STATES OF AMERICA,

                      Respondent.
------------------------------------------------------------x

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ OCT 16 2013 ★
BROOKLYN OFFICE

Rec'd 10/16/13

**MEMORANDUM & ORDER**

13-CV-5302 (ENV)

VITALIANO, D.J.,

    On September 18, 2013, the Court received petitioner Michelle Miles's <u>pro se</u> petition challenging the sentence imposed by a judge of this Court on April 7, 2000. Since petitioner has already filed a prior motion under 28 U.S.C. § 2255 challenging the very same conviction, the Court is without authority to consider the instant application. Instead, the petition must be transferred to the United States Court of Appeals for the Second Circuit, pursuant to 28 U.S.C. § 1631. The reasons follow.

<u>Discussion</u>

    On April 7, 2000, petitioner was sentenced upon her conviction for conspiracy to distribute and to possess with intent to distribute heroin and cocaine base, in violation of 21 U.S.C. § 846, and for distribution of and possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841. On April 23, 2003, Miles filed a petition for a writ of habeas corpus pursuant to § 2255, challenging her conviction and sentence, which was denied by this Court on May 31, 2006. <u>United</u>

1

States v. Miles, No. 03-CV-2063, 2006 WL 1581367 (E.D.N.Y. May 31, 2006). The Second Circuit denied a certificate of appealability and dismissed Miles's appeal in a mandate issued August 17, 2007. Petitioner now moves anew to vacate, set aside or correct the same April 7, 2000 sentence.

Section 2255, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), states that a petitioner challenging her conviction or sentence is limited to a single § 2255 petition, unless a second or successive application is "certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). Since the instant petition challenges the same underlying conviction and sentence as Miles's April 23, 2003 petition, which was determined by this Court on the merits, it is "second or successive" within the meaning of AEDPA. See Corrao v. United States, 152 F.3d 188, 191 (2d Cir. 1998). On this history, jurisdiction is with the Second Circuit; none lies here. Id.

## Conclusion

In the interest of justice, the Clerk of Court shall transfer this petition to the Clerk of Court for the United States Court of Appeals for the Second Circuit, pursuant to 28 U.S.C. § 1631. See Liriano v. United States, 95 F.3d 119 (2d Cir.

2

1996) (per curiam).

The Clerk of Court is further directed to close this case for administrative purposes.

SO ORDERED.

Dated: Brooklyn, New York
       October 10, 2013

/S/ Judge Eric N. Vitaliano

**ERIC N. VITALIANO**
**United States District Judge**